IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| LINDA L. NANCE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 5:15CV00009-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Linda Nance, appeals the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On January 31, 2013, Plaintiff filed for disability insurance benefits due to her back pain, gout, and carpal tunnel. (Tr. 94, 158) The Administrative Law Judge ("ALJ") held a hearing on February 11, 2014, where Plaintiff appeared with her lawyer. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 30-60)

The ALJ issued a decision on August 29, 2014, finding that Plaintiff was not disabled under the Act. (Tr. 10-23) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-5)

Plaintiff, who was fifty-eight years old at the time of the hearing, completed a bachelor's degree in education, and has past relevant work experience as a teacher's aide, substitute teacher, and self-employed house cleaner. (Tr. 34-36)

1

**II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE**[1]

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2010, and had the following severe impairments: back problems, gout, arthritis, and hypertension. (Tr. 16)  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 17)

According to the ALJ, Plaintiff has the Residual Functional Capacity ("RFC") to perform medium work, defined as work not involving lifting any more than fifty pounds at a time with frequent lifting and carrying of objects weighing up to twenty-five pounds.  (Tr. 18)  The VE testified that Plaintiff's previous job as "teacher's aide I" fell within this acceptable range of work. (Tr. 22-23)  Accordingly, the ALJ determined that Plaintiff could perform past relevant work as a "teacher's aide I" and found that she was not disabled.  (Tr. 23)

**III.    ANALYSIS**

  **A.    Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

than a preponderance but enough that a reasonable person would find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

    **B.**    **Ms. Nance's Arguments**

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ: (1) erred in deeming the Plaintiff able to return to her previous teaching aide position after hearing testimony of her back problems and carpal tunnel syndrome; and (2) failed to ask a proper hypothetical question to the VE. (Doc. No. 11) The Court has carefully considered Plaintiff's arguments and finds them to be without merit.

        1.    Weight of Substantial Evidence as a Whole

Plaintiff here fails to show persuasive evidence of complete disability based upon the weight of substantial evidence in the record as a whole. While Plaintiff clearly suffers from some degree of pain and limitation from arthritis, gout, and back problems, the medical records do not indicate an inability to perform medium work activities.

The medical tests and doctors visits seem to corroborate some element of limitation, but not the extent alleged by the Plaintiff. Her most recent MRI scans performed by Allan Gocio, M.D., and subsequent review by Michael R. Stone, M.D., determined the presence of stenosis, but only a mild case of it. (Tr. 495, 507) Furthermore, review of her conditions by Noojan Kazemi, M.D., in September 2014 show that Plaintiff's back conditions, namely the stenosis and degenerative disk

---

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

disease, were not severe enough for any surgical intervention and showed no obvious neural impingement. (Tr. 519)

With regard to Plaintiff's argument that the ALJ erred in not properly considering the subjective medical complaints of the claim, the Court agrees with the Commissioner's argument on this point. Plaintiff failed to provide proper documentation of her gout and carpal tunnel syndrome that showed the limitations placed on her working ability. Even without such medical documentation, the record reflects that the ALJ duly considered the weight of all Plaintiff's ailments in coming to a final decision. (Tr. 18-22) Furthermore, Plaintiff's argues that the ALJ did not lend enough credit to the fact that her medications tended to make her drowsy. (Doc. No. 11) However, the record reflects the ALJ specifically listed each of Ms. Nance's medicines and associated side-effects in compiling his report. (Tr. 20)

Plaintiff's argument that she is no longer able to perform the responsibilities of a teacher's aide seems to conflict with her own actions. Evidence of Ms. Nance's continued employment for over two years after her original claim of disability does not support her assertion that she was unable to work. (Tr. 213)

While there may be evidence that Ms. Nance has limitations related to her impairments, the ALJ's finding that she could perform a reduced range of medium work is supported by the record.[6] While there was debate on the exact Specific Vocational Preparation value of the teacher's aide position under the Dictionary of Occupational Titles, the VE ultimately designated the work of a teacher's aide into the light category of work. (Tr. 22) This designation falls below the medium work determination of the ALJ. It is not the task of this Court to review the evidence and make an

---

[6]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[7] The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[8]

### 2. Improper Hypothetical Question in Step Five Findings

Despite having severe impairments, Ms. Nance's medical records do not show that the ALJ's evaluation of RFC is against the weight of substantial evidence. "The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In her Brief, Plaintiff argues that the ALJ "failed to ask a proper hypothetical question. . . or [] give great weight to the objective evidence in this case." (Doc. No. 11) Contrary to this assertion, the ALJ considered Ms. Nance's limitations in light of the evidence he found credible. Considering Ms. Nance's prior working experience with her current medical records, the ALJ determined correctly that Ms. Nance's RFC would still allow her to return to her previous position as a teacher's aide.

Furthermore, the record shows that the attorneys and the ALJ performed a thorough examination of the VE. (Tr. 56-59) The testimony provided by the VE was sufficient for the ALJ to come to a conclusion regarding Plaintiff's RFC and previous work experience. The record reflects that the inquiry of the VE was not flawed and was based upon substantial evidence.

---

[7] *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

[8] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 18th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE